WYNN, Circuit Judge,
concurring in the result:
Because I agree with the majority that the facts of this case are insufficient to state a claim for a violation of Due Process, I concur in the result reached by the majority opinion. I write separately because Collins v. City of Harker Heights, 503 U.S. 115, 130, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992), which held that there is no duty on municipalities to “provide certain minimal levels of safety and security in the workplace” and that “failure to train or to warn its sanitation department employees was not arbitrary in a constitu *324 tional sense,” resolves this case. Id. Further, it would be contrary to the Supreme Court’s decision in County of Sacramento v. Lewis, 528 U.S. 883, 849-50, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998), to conclude that in the absence of a custodial relationship, only conduct “intended to harm” is sufficient to state a claim under § 1983. Ante at 320-21.
I.
In Collins, the Supreme Court considered whether a municipality’s failure to train an employee, provide adequate safety equipment, and post warning notices regarding known hazards violated the Due Process Clause of the Fourteenth Amendment. The Supreme Court held that there is no “constitutional obligation to provide [municipal] employees with certain minimal levels of safety and security....” Collins, 503 U.S. at 127, 112 S.Ct. 1061. The Supreme Court then went on to examine the city’s conduct under the “arbitrary” or “conscience shocking” standard. Id. at 128, 112 S.Ct. 1061. The Supreme Court found that the city’s conduct constituted negligence, and as a result could not “properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.” Id. The Supreme Court emphasized that § 1983 was not intended to turn every tort claim into a constitutional violation or to serve as a “ ‘guarantee against incorrect or ill advised personnel decisions.’” Id. at 128-29, 112 S.Ct. 1061 (quoting Bishop v. Wood, 426 U.S. 341, 350, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976)).[1]
In Lewis, the Supreme Court clarified the type of conduct that could be sufficiently “conscience shocking” to state a claim under § 1983. It noted that “liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.” Lewis, 523 U.S. at 849, 118 S.Ct. 1708 (citing Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). By contrast, “conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level.” Id. (emphasis added).[2] The Supreme Court went on to note that cases “falling within the middle range, following from something more than negligence but ‘less than intentional conduct, such as recklessness or gross negligence, is a matter for closer calls,’ ” id. (citation and footnote omitted), and made clear that, under some circumstances, “deliberate indifference” could shock the conscience. See id. at 849-50, 118 S.Ct. 1708 (“Deliberate indifference that shocks in one environment may not be *325 so patently egregious in another.... ”).[3] In distinguishing between these more difficult, middle-ground cases, the Supreme Court counseled judicial discretion and warned that courts should engage in an “exact analysis of circumstances” rather than “mechanical application” of predetermined rules.[4]
Thus, the decisions in both Collins and Lewis underscore the Supreme Court’s view that, at least in some cases, reckless and deliberately indifferent government action may be arbitrary and egregious in a constitutional sense and thus provide grounds for a viable § 1983 Due Process claim. In Collins, the Supreme Court recognized that “potentially meritorious [§ 1983 Due Process] claims by [an] employee” may include circumstances where “the city [gives] an employee a particularly dangerous assignment in retaliation for a political speech, cf. St. Louis v. Praprotnik, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988), or because of his or her gender, cf. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).” Collins, 503 U.S. at 119, 112 S.Ct. 1061. Likewise, in Lewis the Supreme Court recognized that “[i]n Rochin v. California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952), the case in which we formulated and first applied the shocks-the-conscience test, it was not the ultimate purpose of the government actors to harm the plaintiff, but they apparently acted with full appreciation of what the Court described as the brutality of their acts.” Lewis, 523 U.S. at 850 n. 9, 118 S.Ct. 1708 (emphasis added).
Significantly, the majority opinion fails to distinguish the “potentially meritorious” claims identified by the Supreme Court in Collins from those requiring an intent to injure. Nonetheless, it is important to clarify that the majority opinion when read in light of Collins necessarily recognizes, among other things, that an allegation that an employer assigned an employee to a dangerous job in retaliation for the exercise of a constitutional right, where physical injury results, certainly amounts to a plausible allegation of an intent to injure. Although the “intent” in such cases may be an “intent to deter exercise of a constitutional right” such an allegation of intent would suffice to satisfy the majority opinion’s “intent to harm” pleading requirement.
II.
In this case, it is unnecessary to engage in the type of judicial discretion prescribed by Lewis to determine whether the City’s alleged conduct was “conscience shocking.” *326 As the majority correctly identifies, the facts here are similar to the facts in Collins and those facing this Court in Waybright v. Frederick County, 528 F.3d 199 (4th Cir.2008). As a result, the issue presented can, and thus should, be resolved on narrow grounds.
Here, as in Collins, the petitioner claims that the city failed to conduct proper training and supply adequate safety equipment in the face of known hazards. The majority correctly points out that these allegations are insufficient to claim a Due Process violation. However, they are insufficient because “failure to train or to warn ... employees [i]s not arbitrary in a constitutional sense.” Collins, 503 U.S. at 130,112 S.Ct. 1061. The petitioner’s claim fails because it attempts to transform a negligence claim against the City into a violation of Due Process, which the Court foreclosed in Collins, id., and reaffirmed in Lewis. Lewis, 523 U.S. at 849, 118 S.Ct. 1708. I agree with the majority that “[t]he facts alleged in this case reveal a sad story that might well support state tort claims,” and that to “constitutionalize” the claims would be unwise and unsupported by precedent. See ante at 323.
Similarly, in Waybright, we found that a recruit who died during training to become a firefighter could not state a claim under § 1983 when his supervisor did not follow appropriate safety protocol. Waybright, 528 F.3d at 208-09. Applying Collins, we reasoned that negligent conduct was insufficient to state a claim, id. at 206, and that “time to deliberate” does not “transform[ ] negligent error into constitutionally shocking conduct.” Id. Like in Waybright, the petitioner’s § 1983 claim in this case should be dismissed because of the shortcomings of what the petitioner has alleged (i.e., negligence). The problem with petitioner’s complaint is not that it fails to allege an “intent to harm” — it’s that, like in Collins and like in Waybright, the petitioner’s factual allegations are not “arbitrary” or “shocking to the conscience” in a “constitutional sense.” Collins, 503 U.S. at 127, 112 S.Ct. 1061; Waybright, 528 F.3d at 206.
Following Collins and Waybright, I agree with affirming the district court’s decision to dismiss on the narrow grounds that there is no duty on municipalities to “provide certain minimal levels of safety and security in the workplace,” Collins, 503 U.S. at 130, 112 S.Ct. 1061, that “failure to train or to warn ... employees [is] not arbitrary in a constitutional sense,” id., and that, as a result, the petitioner’s factual allegations are not “arbitrary” or “shocking to the conscience” in a “constitutional sense.” Id. at 127, 112 S.Ct. 1061; Waybright, 528 F.3d at 206. But, in affirming the district court, we should also recognize that government employees are not categorically excluded from claiming deliberate indifference as a basis for Due Process claims.[5]
III.
Because I would decide this case on narrow grounds, and because it is necessary to state clearly that under the majority’s opinion, employees are not without *327 constitutional protections from reckless and indifferent government action that egregiously and arbitrarily deprives persons of life, liberty, or property, I respectfully concur in the result only.

. The majority opinion appears to construe the holding in Collins to have broad implications in the context of employment. See ante at 322 ("even though the alleged facts might have shown deliberate indifference, in the context of a voluntary employment relationship, such conduct was not ‘arbitrary, or conscience shocking, in a constitutional sense.' ”). But that construction would not comport with the Supreme Court’s holding in Collins which specifically precluded employment based analysis. 503 U.S. at 119, 112 S.Ct. 1061 ("The employment relationship ... is not of controlling significance.”).

. The majority opinion seems to seize upon this language and carry it much farther than the Supreme Court by defining "conduct that shocks the conscience” as "conduct intended to injure in some way unjustifiable by any government interest.” Ante at 321. But the Supreme Court has defined the standard in much broader terms and conceded that "the measure of what is conscience shocking is no calibrated yard stick,” but rather a standard that " ‘point[s] the way’ ” to the correct result. Lewis, 523 U.S. at 847, 118 S.Ct. 1708 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324, (1973)).

. The majority opinion appears to assert that only a person who has “already been deprived of [his or her] liberly” may claim "deliberate indifference" as a basis for a claim under § 1983. Ante at 320-21. But the use of the custodial example in Lewis is not intended to be exclusive, but merely to illustrate a situation in which deliberate indifference would shock the conscience. See Lewis, 523 U.S. at 851, 118 S.Ct. 1708 ("[T]he description of the custodial prison situation shows how deliberate indifference can rise to a constitutionally shocking level....”).

. Though the Supreme Court makes clear that cases involving a degree of culpability less than intent to injure require analysis that is "less rigid and more fluid,” Lewis, 523 U.S. at 850, 118 S.Ct. 1708, the majority attempts to impose a rigid limitation on these cases; namely that, outside a custodial relationship, the "shocks the conscience” standard can only be met by conduct intended to injure. Ante at 320-21. Rather than following the law the Supreme Court established in Collins and Lewis, the majority attempts to rewrite it to conform with the dissenting opinion in Lewis. Cf. Lewis, 523 U.S. at 861-62, 118 S.Ct. 1708 (Scalia, J., dissenting) (rejecting the “shocks the conscience” standard as a "throw back to highly subjective substantive-due-process methodologies”).

. The majority characterizes "deliberate indifference" as a different standard for evaluating claims. Ante at 321 ("[Tjhis standard does not apply to persons in an employment relationship with the government.”). But this directly contradicts the Supreme Court's statement in Lewis that "deliberate indifference” is not a different standard, but rather a degree of culpability that, in certain cases, may characterize conduct that "shocks the conscience.” See Lewis, 523 U.S. at 852, 118 S.Ct. 1708 ("[T]he description of the custodial prison situation shows how deliberate indifference can rise to a constitutionally shocking level....”).